Francisca Torres, etc., Plaintiff and Appellant, *v.* Luis Maldonado Santiago, Defendant and Appellee.

No. 9040.  Argued November 28, 1944.—Decided February 5, 1945.

*Felipe Torres* for appellant.  *Raúl Matos* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The complaint in this action for damages for seduction was filed in the District Court of Ponce on December 1, 1943. It is alleged therein that the defendant under promise of

is not necessarily limited to a showing of a promise to marry. marriage seduced the plaintiff on July 3, 1942. The mother brought the action pursuant to § 59 of the Code of Civil Procedure because the father of the plaintiff, who is a minor, had died. The defendant interposed a demurrer and alleged that it appeared from the complaint that the action had prescribed. The lower court sustained the demurrer and rendered judgment dismissing the complaint. The plaintiff thereupon appealed. She urges that the trial court erred in deciding that the action for damages for seduction is governed by the period of prescription of one year provided by subdivision 2 of § 1868 of the Civil Code [1] and contends that, on the contrary, said period should be computed in accordance with § 1864 of said code which provides that: "A mortgage action prescribes after twenty years, and those which are personal and for which no special term of prescription is fixed, after fifteen years."

In *Román* v. *Vázquez*, 29 P.R.R. 736, invoked by the lower court, it was held that in actions for damages for seduction the promise of marriage is "only a concomitant circumstance making definite the seduction. Hence the action is *ex delicto* and does not fall within the principles of one *ex contractu* . . ."

Notwithstanding this and without citing any authority in support of her contention, the appellant in her brief confines herself to arguing that these actions should be considered as a consequence of the nonfullfilment of the promise of marriage made by the defendant, and hence that they are *ex contractu.*

Appellant's contention is incorrect. In *Aponte* v. *Alonso,* 46 P.R.R. 532, we held, to quote from the syllabus, that: "In an action for damages for seduction, the seduced woman

---

[1] Section 1868 of the Civil Code: "The following prescribe in one year:
"1. *     *     *     *     *     *     *
"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1802, from the time the aggrieved person had knowledge thereof."

Her sphere of action is broader, since, even in the absence of such a promise, she may show that she was induced to surrender her chastity by deception, enticement, or artifices of the seducer. However, the promise to marry, where it exists and where the act has been accomplished under its exclusive influence, is sufficient to constitute a cause of action. Sexual intercourse in itself will not suffice, but it is sufficient where it is the consequence of the promise to marry.''

The difference between the criminal and the civil action lies in the essential fact that, pursuant to § 261 of the Penal Code, the crime of seduction is punishable whenever it is committed under a promise of marriage, while § 58 and 59 of the Code of Civil Procedure do not limit the action of seduction to the fact that the same was accomplished solely as the consequence of a promise of marriage.

As to the period of prescription in these civil actions, after construing in *Ortíz* v. *Viera,* 59 P.R.R. 358, subdivision 2 of § 1868 of the Civil Code, *supra,* in relation to § 1869 of the same code, we held that the limitation period was one year, and that it began to run either from the time that the parties had the first act of sexual intercourse or from the time the relations between them terminated, according to the facts alleged and proved in each specific case. The case of Ortíz contains a lengthy discussion on this matter and several citations of authorities which are applicable herein and need not be repeated.

The complaint in the case at bar contains the allegation of only one sexual act had on July 3, 1942, and therefore it was on that date that the plaintiff was seduced and that the limitation period of one year should begin to run. In view of the fact that the complaint was filed 4 months and 28 days after the expiration of said period, the lower court did not err in dismissing the complaint.

The judgment appealed from must be affirmed.